UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Wezer Regis BATISTA DE MIRANDA, | Case No.:  25-cv-3019-AGS-MSB |
| Petitioner, | **ORDER GRANTING IN PART MOTION FOR ATTORNEYS' FEES (ECF 11)** |
| v. | |
| Christopher LaROSE, et al., | |
| Respondents. | |

Petitioner seeks attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. § 2414(d). (*See* ECF 11.) The EAJA mandates that a court shall "award to a prevailing party" "fees and expenses incurred in a civil action brought by or against the United States, unless the government shows that its position was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

Respondents filed no opposition. (*See* ECF 19 (requiring that "Respondents must file any opposition to the pending motion by May 11, 2026").) It is within the court's "discretion to determine that the government's lack of timely opposition is tantamount to a concession that its position in the litigation was not substantially justified." *Gwaduri v. I.N.S.*, 362 F.3d 1144, 1146 (9th Cir. 2004). The Court concludes that the unopposed number of hours listed—just over 30 for all staff—is reasonable given that the case was fully briefed prior to respondents' concession. (*See* ECF 11, at 13.) And the fact that the number of hours is based on a reconstruction of counsels' work does not change the court's conclusion. *See Davis v. City & Cnty. of San Francisco*, 976 F.2d 1536, 1542 (9th Cir. 1992), *opinion vacated in part on other grounds*, 984 F.2d 345 (9th Cir. 1993) ("Basing the attorneys' fee award in part on reconstructed records developed by reference to litigation files and other records is not an abuse of discretion.").

But the billing rate for the primary attorney is considerably higher than the Ninth Circuit's 2025 EAJA cap. *Compare* Statutory Maximum Rates Under the EAJA, U.S. Courts for the Ninth Circuit, https://www.ca9.uscourts.gov/attorneys/statutory-maximum-

1

rates/ (last visited May 26, 2026) (listing the 2025 maximum rate as "$258.46"); (*with* ECF 11, at 13 (requesting "$325.00" as the senior attorney's hourly rate)). Although counsel claims "specialized expertise in immigration detention litigation" (*see* ECF 11, at 10), he does not provide any evidence of this expertise, how long it has existed, or from whence it came. (*See* ECF 11-1 (counsel's declaration omitting any discussion of his expertise).) So, plaintiff has not met his burden to overcome the presumptive statutory cap. *See Natural Res. Def. Council v. Winter*, 543 F.3d 1152, 1159–60 (9th Cir. 2008) ("Although environmental litigation may constitute an identifiable practice specialty, Plaintiffs must first establish that their counsel had such a specialty."). The Court reduces his proposed billing rate to $258.46, leading to a total of $2,171.06 for that attorney's 8.4 hours of work and a reduced total of $6,908.24.

Finally, counsel requests that the EAJA fees be paid "directly to Gondim Law Corp. pursuant to the executed assignment of fees." (ECF 11, at 15.) But no such assignment has been provided. (*See generally* ECF 11.) So, that request is denied.

In sum, then, plaintiff's motion for attorney's fees under the EAJA is granted in the amount of **$6,908.24**. The pending motion hearing is vacated.

Dated:  May 27, 2026

_____
Hon. Andrew G. Schopler
United States District Judge